# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11540
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDY ROSENDO FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CR-17-2

Before HIGGINBOTHAM, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Randy Rosendo Flores appeals the sentence imposed after the revocation of his supervised release. The district court varied upward from the guidelines range and sentenced Flores to 18 months of imprisonment. Flores asserts that the sentence is procedurally unreasonable because the district court failed to provide an adequate explanation for its selection of sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11540

Because Flores failed to challenge the procedural reasonableness of his sentence in the district court, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Flores must show a forfeited error that is clear or obvious error and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record reflects that the district court explicitly considered deterrence and protection of the public in imposing the revocation sentence. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). The facts underlying the district court's stated reasons are implicit in Flores's admission to the allegations in the revocation petition, i.e., the district court plausibly could have been concerned that a person who uses methamphetamine and avoids drug tests in violation of his supervised release conditions needs an above-guidelines sentence to deter him and to protect the public. The record also reflects that the district court implicitly considered Flores's history and characteristics. *See* § 3553(a)(1), *Whitelaw*, 580 F.3d at 263-64. Thus, the district court committed no clear or obvious error.

Moreover, any error did not affect Flores's substantial rights. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). There is no indication that a more thorough explanation would have resulted in a lower sentence or that the district court would impose a different sentence on remand. *Whitelaw*, 580 F.3d at 264-65. To the extent that Flores argues that *Whitelaw* was incorrectly decided and that this court should hold that the failure to explain a sentence affects a defendant's substantial rights under plain-error review, his argument is unavailing. We must adhere to *Whitelaw* absent en banc reconsideration or a superseding decision by the Supreme Court. *United States v. Lipscomb*, 299 F.3d 303, 313 n. 34 (5th Cir. 2002).

AFFIRMED.